**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

South Carolina Department of Social Services,
Respondent,

v.

Faith Marshall, Isaac Hasson, Klayee Juty, and Travis Shields, Defendants,

Of Whom Faith Marshall is the Appellant.

In the interest of minors under the age of eighteen.

Appellate Case No. 2016-000923

———————————

Appeal From Greenville County
Robert N. Jenkins, Sr., Family Court Judge

———————————

Unpublished Opinion No. 2018-UP-004
Submitted December 5, 2017 – Filed January 5, 2018

———————————

**AFFIRMED**

———————————

John Brandt Rucker and Allyson Sue Rucker, of The Rucker Law Firm, LLC, of Greenville, for Appellant.

Andrew Troy Potter, of Anderson, for Respondent.

Robert A. Clark, of Greenville, for the Guardian ad Litem.

_____

**PER CURIAM:**  Faith Marshall (Mother) appeals the family court's termination of her parental rights (TPR) to four of her minor children (Children), arguing the family court erred by finding TPR was in Children's best interest.  We affirm pursuant to Rule 220(b), SCACR, and the following authorities:  *S.C. Dep't of Soc. Servs. v. Jennifer M.*, 404 S.C. 269, 276, 744 S.E.2d 591, 595 (Ct. App. 2013) ("In appeals from the family court, an appellate court reviews factual and legal issues de novo."); *id.* at 277, 744 S.E.2d at 595 ("[However], de novo review does not relieve an appellant of [her] burden to 'demonstrate error in the family court's findings of fact.'" (quoting *Lewis v. Lewis*, 392 S.C. 381, 392, 709 S.E.2d 650, 655 (2011))); *id.* ("Consequently, the family court's factual findings will be affirmed unless appellant satisfies this court that the preponderance of the evidence is against the finding of the [family] court." (alteration in original) (quoting *Lewis*, 392 S.C. at 392, 709 S.E.2d at 655)); *Doe v. Baby Boy Roe*, 353 S.C. 576, 579, 578 S.E.2d 733, 735 (Ct. App. 2003) ("In a [TPR] case, the best interests of the children are the paramount consideration."); *id.* at 581, 578 S.E.2d at 736 ("TPR statutes must be liberally construed in order to ensure prompt judicial procedures for freeing minor children from the custody and control of their parents by terminating the parent-child relationship.").

**AFFIRMED.**[1]

**WILLIAMS, THOMAS, and MCDONALD, JJ., concur.**

_____

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.